UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JACINTA MELGAR,

Plaintiff,

-against-

WILLIAM R. WEISS ENTERPRISES, INC. d/b/a TNT SALES, TRT ENTERPRISES LLC, and JOSHUA A. BILLIOT,

Defendants,
-----------------------------------------------------------------------X

Docket No.: 1:23-cv-00372-AMD-CLP

**AMENDED COMPLAINT**

**Jury Trial Requested**

Plaintiff **JACINTA MELGAR** by her attorneys, **IKHILOV & ASSOCIATES**, as and for their Verified Complaint against the Defendants **WILLIAM R. WEISS ENTERPRISES, INC. d/b/a TNT SALES (hereinafter "WEISS ENTERPRISES"), TRT ENTERPRISES LLC (hereinafter "TRT"), and JOSHUA A. BILLIOT**, respectfully alleges, upon information and belief as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this case is pursuant to 28 U.S.C. Section 1332 whereas the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.

2. Venue in this District is pursuant to 28 U.S.C. Section 1391 whereas events constituting the claims arose in this District.

## PARTIES

3. That at all times hereinafter alleged, Plaintiff JACINTA MELGAR was and still is a resident of the County of Queens, in the State of New York.

4. That at all times hereinafter alleged, Defendant JOSHUA A. BILLIOT was and still is a resident of the Parishes of Acadia and Lafayette, in the State of Louisiana.

5. That in all times hereinafter mentioned, Defendant WEISS ENTERPRISES, was and still is a foreign business corporation duly licensed and authorized to do business in the State of New York.

6. That in all times hereinafter mentioned, Defendant WEISS ENTERPRISES, was and still is a business corporation duly licensed by the State of Missouri and authorized by the United States Department of Transportation to do business as a federal motor carrier bearing USDOT # 1574284.

7. That in all times hereinafter mentioned, Defendant WEISS ENTERPRISES, was and still is a foreign business corporation transacting business in the State of New York and with a place of business in the State of New York.

8. That in all times hereinafter mentioned, Defendant WEISS ENTERPRISES, did conduct and carry-on business in the State of New York.

9. That in all times hereinafter mentioned, Defendant WEISS ENTERPRISES, transacted business and derived substantial revenue from goods used or consumed or services rendered within the State of New York.

10. That in all times hereinafter mentioned, Defendant TRT, was and still is a foreign limited liability company duly licensed and authorized to do business in the State of New York.

11. That in all times hereinafter mentioned, Defendant TRT, was and still is a domestic

professional limited liability company duly licensed by the State of Alabama and authorized by the United States Department of Transportation to do business as a federal motor carrier bearing USDOT # 3431097.

12. That in all times hereinafter mentioned, Defendant TRT, did conduct and carry-on business in the State of New York.

13. That in all times hereinafter mentioned, Defendant TRT, transacted business and derived substantial revenue from goods used or consumed or services rendered within the State of New York.

14. On or about November 11, 2021, and at all times relevant herein, Plaintiff was the lawful operator of a 2017 Honda motor vehicle with New York license plate number KPH7324 (hereinafter referred to as "vehicle one"); and operating said vehicle eastbound on East 59th Street, at, and about, its intersection with 2nd Avenue in the County, City and State of New York.

15. On or about November 11, 2021, and at all times relevant herein, Defendant JOSHUA A. BILLIOT was the operator of a 2017 International truck-tractor with Alabama license plate number 1163745, bearing USDOT # 3431097 with 2015 Fontaine Flatbed trailer bearing Maine plate number 271296B (hereinafter referred to as "vehicle two") and operating said vehicle eastbound on East 59th Street at, and about, its intersection with 2nd Ave. in the City and State of New York.

16. At all times relevant herein, Defendant, JOSHUA A. BILLIOT, owned vehicle two.

17. At all times relevant herein, Defendant, JOSHUA A. BILLIOT, had an ownership interest in

vehicle two.

18. At all times relevant herein, Defendant JOSHUA A. BILLIOT managed vehicle two.
19. At all times relevant herein, Defendant JOSHUA A. BILLIOT maintained vehicle two.
20. At all times relevant herein, Defendant JOSHUA A. BILLIOT controlled vehicle two.
21. At all times relevant herein, Defendant JOSHUA A. BILLIOT operated vehicle two.
22. At all times relevant herein, Defendant JOSHUA A. BILLIOT inspected vehicle two.
23. At all times relevant herein, Defendant JOSHUA A. BILLIOT repaired vehicle two.
24. At all times relevant herein, Defendant JOSHUA A. BILLIOT leased vehicle number two.
25. At all times relevant herein, Defendant JOSHUA A. BILLIOT was the lessee of vehicle two.
26. At all times relevant herein, Defendant JOSHUA A. BILLIOT drove vehicle two with permission of Defendant, WEISS ENTERPRISES.
27. At all times relevant herein, JOSHUA A. BILLIOT was in physical control and/or operation of vehicle two with the express permission of a person or entity authorized to give such permission.
28. At all times relevant herein, Defendant JOSHUA A. BILLIOT drove vehicle two with implied consent of Defendant, WEISS ENTERPRISES.
29. At all times relevant herein, Defendant, WEISS ENTERPRISES, owned vehicle two.
30. At all times relevant herein, Defendant, WEISS ENTERPRISES, had an ownership interest in vehicle two.
31. At all times relevant herein, Defendant, WEISS ENTERPRISES, managed vehicle two.
32. At all times relevant herein, Defendant, WEISS ENTERPRISES maintained vehicle two.
33. At all times relevant herein, Defendant, WEISS ENTERPRISES, controlled vehicle two.

34. At all times relevant herein, Defendant, WEISS ENTERPRISES, operated vehicle two.

35. At all times relevant herein, Defendant, WEISS ENTERPRISES, inspected vehicle two.

36. At all times relevant herein, Defendant, WEISS ENTERPRISES, repaired vehicle two.

37. At all times relevant herein, Defendant, WEISS ENTERPRISES, leased vehicle number two.

38. At all times relevant herein, Defendant, WEISS ENTERPRISES, was the lessee of vehicle two.

39. At all times relevant herein, Defendant, TRT, owned vehicle two.

40. At all times relevant herein, Defendant, TRT, had an ownership interest in vehicle two.

41. At all times relevant herein, Defendant, TRT, maintained vehicle two.

42. At all times relevant herein, Defendant, TRT, controlled vehicle two.

43. At all times relevant herein, Defendant, TRT, operated vehicle two.

44. At all times relevant herein, Defendant, TRT, inspected vehicle two.

45. At all times relevant herein, Defendant, TRT, repaired vehicle two.

46. At all times relevant herein, Defendant, TRT, leased vehicle two.

47. At all times relevant herein, Defendant, TRT, was the lessee of vehicle two.

48. At all times relevant herein, Defendant JOSHUA A. BILLIOT drove vehicle two with permission of Defendant, TRT.

49. At all times relevant herein, Defendant JOSHUA A. BILLIOT drove vehicle two with implied consent of Defendant, TRT.

50. At all times relevant herein, Defendant TRT gave the defendant JOSHUA A. BILLIOT express permission and/or implied consent to drive vehicle two.

## STATEMENT OF FACTS

51. On or about November 11, 2021, Plaintiff JACINTA MELGAR was lawfully operating vehicle one vehicle eastbound on East 59th Street, at, and about, its intersection with 2nd

Avenue in the County, City and State of New York ("the aforementioned location").

52. On or about November 11, 2021, Defendant JOSHUA A. BILLIOT, was operating vehicle two eastbound on East 59th Street, at, and about, its intersection with 2nd Avenue in the County, City and State of New York.

53. On or about, November 11, 2021, and at all times herein mentioned, East 59th Street and Second Avenue at the aforementioned location in the County, City and State of New York, were and are public highways, roadways, and/or thoroughfares.

54. On or about November 11, 2021, and at all times relevant herein, Plaintiff JACINTA MELGAR, was lawfully operating vehicle one at the aforementioned location.

55. On or about November 11, 2021, and at all times relevant herein, Defendant JOSHUA A. BILLIOT was the operator of vehicle two at or near the aforementioned location.

56. On or about November 11, 2021, and at all times relevant herein, there was contact between the aforementioned vehicles ("the aforesaid contact") at or near the aforementioned location.

57. On or about November 11, 2021 at approximately 2:00 am, there was contact between the aforementioned vehicles at or near the aforementioned location.

58. On or about November 11, 2021 at approximately 2:00 am, the motor vehicles owned, operated, controlled, inspected, repaired, managed, and maintained by the defendants herein, and each of them, were in collision with each other at or near the aforementioned location.

59. The aforesaid contact was severe and violent.

60. At the time of the aforesaid contact, the defendants herein, and each of them, operated their respective motor vehicles in such a manner as to cause the aforesaid contact.

61. The said accident and aforesaid contact at the aforementioned location was the result of, caused and occasioned through and by reason of the carelessness, recklessness and

negligence of the defendants herein, and each of them, their agents, servants, and/or employees, in the ownership, operation, maintenance, inspection, repair, custody and control of their motor vehicles; in carelessly and negligently operating their motor vehicles at a fast and excessive rate of speed under the circumstances and conditions then and there prevailing; in failing to be reasonably alert; in failing to give notice or warning of the approach of their motor vehicles prior to the contact and collision; in failing to obey traffic control devices at the aforementioned time and place; in failing to heed and obey traffic regulations at the aforementioned time and place; in failing to make adequate and proper use of brakes, horns, signals and steering mechanisms prior to the said contact and collision; in failing to operate their motor vehicles in a reasonable safe manner and distance; in failing to exercise and maintain reasonable and proper control over their motor vehicles; in losing control of their motor vehicles; in failing to avoid a collision and contact; in failing to yield the right of way; in operating their motor vehicles in a dangerous manner; in failing to act as reasonable, safe and prudent driver; in allowing negligent, reckless and careless driver to operate their motor vehicle; in the negligent hiring, training, and retention of their agents, servants and/or employees, and in particular, defendant driver JOSHUA A. BILLIOT; in the negligent entrustment of their motor vehicles by defendants, WEISS ENTERPRISES and TRT; in violating and failing to comply with the laws, codes, rules, statutes and ordinances in effect at the aforementioned time and place; and defendants, and each of them, were otherwise careless, reckless and negligent in the ownership and operation of their motor vehicles.

62. As a result of the aforesaid contact, Plaintiff JACINTA MELGAR was seriously injured as aforementioned and was, *inter alia*, caused severe and permanent personal injuries, and suffered emotional distress, mental anguish, fear, pain, embarrassment, and humiliation.

63. At all times relevant herein, Plaintiff JACINTA MELGAR did not engage in any conduct that contributed to the aforesaid contact.

64. At all times relevant herein, Plaintiff JACINTA MELGAR did not engage in any conduct that was a substantial factor in causing the aforesaid contact.

65. At all times relevant herein, any conduct on the part of Plaintiff JACINTA MELGAR that might have contributed to the aforesaid contact was not negligent, reckless, wanton or intentional.

**COUNT ONE- NEGLIGENCE AGAINST DEFENDANT "JOSHUA A. BILLIOT"**

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

67. Defendant JOSHUA A. BILLIOT was negligent and indulged in culpable conduct by reason of the recklessness and carelessness in the ownership, operation, maintenance, management and control of vehicle two; in failing to properly maintain, repair, and care for vehicle two; in failing to have same under reasonable and proper control; in failing to report the subject accident to USDOT; in failing to keep a proper lookout upon a roadway; in failing to give due and proper warning of the movements of said motor vehicles; in failing to heed traffic controls; in turning into and striking the plaintiff's vehicle; in failing to yield the right of way to the plaintiff's vehicle; in turning improperly and striking plaintiff's vehicle, in changing lanes in an unsafe manner; in failing to signal or give turn signals; in failing to afford Plaintiff JACINTA MELGAR a reasonable opportunity to reach a place of safety; in operating vehicle two as to cause the same to come into contact with such objects and/or such persons as involved in said accident; in so operating vehicle two as to cause the same to

be in such a position on the streets as to endanger the safety of others; in operating said vehicle two at such speeds at such location as to cause the same to be of danger to others; and in violating the statutes, ordinances and regulations, of which the Court will take judicial notice, and in such cases made and provided.

68. At all times relevant herein, it was the duty of Defendant JOSHUA A. BILLIOT and/or Defendant's agents, servants, and/or employees to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

69. At all times relevant herein, Defendant JOSHUA A. BILLIOT and/or his agents, servants, and/or employees breached their duty to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

70. At all times relevant herein, it was the duty of Defendant JOSHUA A. BILLIOT and/or Defendant's agents, servants, and/or employees to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

71. At all times relevant herein, Defendant JOSHUA A. BILLIOT and/or Defendant's agents, servants, and/or employees breached their duty to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

72. The aforesaid conduct and breach of duties of Defendant JOSHUA A. BILLIOT caused the aforesaid contact at the aforementioned location.

73. The aforesaid conduct and breach of duties of Defendant JOSHUA A. BILLIOT was a substantial factor in causing the aforesaid contact at the aforementioned location.

74. As a result of the foregoing, Plaintiff JACINTA MELGAR was seriously injured as

aforementioned and was, *inter alia*, caused severe and permanent personal injuries, and suffered emotional distress, mental anguish, fear, pain, embarrassment, and humiliation.

**COUNT TWO- NEGLIGENT ACTS AGAINST DEFENDANT "WEISS ENTERPRISES"**

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

76. Defendant WEISS ENTERPRISES was negligent and indulged in culpable conduct by reason of the recklessness and carelessness in the ownership, operation, maintenance, management and control of vehicle two; in failing to properly maintain, repair, and care for vehicle two; in failing to have same under reasonable and proper control; in failing to keep a proper lookout upon a roadway; in failing to report the subject accident to USDOT; in failing to give due and proper warning of the movements of said motor vehicles; in failing to heed traffic controls; in turning into and striking the plaintiff's vehicle; in failing to yield the right of way to the plaintiff's vehicle; in changing lanes in unsafe manner; in failing to signal or give signals; in failing to afford Plaintiff JACINTA MELGAR a reasonable opportunity to reach a place of safety; in operating vehicle two as to cause the same to come into contact with such objects and/or such persons as involved in said accident; in so operating vehicle two as to cause the same to be in such a position on the streets as to endanger the safety of others; in operating said vehicle two at such speeds at such location as to cause the same to be of danger to others; and in violating the statutes, ordinances and regulations, of which the Court will take judicial notice, and in such cases made and provided.

77. At all times relevant herein, it was the duty of Defendant WEISS ENTERPRISES and/or Defendant WEISS ENTERPRISES's agents, servants, and/or employees to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

78. At all times relevant herein, Defendant WEISS ENTERPRISES and/or Defendant WEISS ENTERPRISES's agents, servants, and/or employees breached their duty to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

79. At all times relevant herein, it was the duty of Defendant WEISS ENTERPRISES and/or Defendant WEISS ENTERPRISES's agents, servants, and employees to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

80. At all times relevant herein, Defendant WEISS ENTERPRISES and/or Defendant WEISS ENTERPRISES's agents, servants and employees breached their duty to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

81. The aforesaid conduct and breach of duties of Defendant WEISS ENTERPRISES and/or Defendant WEISS ENTERPRISES's agents, servants, and/or employees caused the aforesaid contact at the aforementioned location.

82. The aforesaid conduct and breach of duties of Defendant WEISS ENTERPRISES and/or Defendant WEISS ENTERPRISES's agents, servants, and/or employees was a substantial factor in causing the aforesaid contact at the aforementioned location.

83. As a result of the foregoing, Plaintiff JACINTA MELGAR was seriously injured as aforementioned and was, *inter alia*, caused severe and permanent personal injuries, and suffered emotional distress, mental anguish, fear, pain, embarrassment, and humiliation.

**COUNT THREE- NEGLIGENT ACTS AGAINST DEFENDANT "TRT"**

84. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

85. Defendant TRT was negligent and indulged in culpable conduct by reason of the recklessness and carelessness in the ownership, operation, maintenance, management and control of vehicle two; in failing to report the subject accident to USDOT; in failing to properly maintain, repair, rent, and care for vehicle two; in failing to have same under reasonable and proper control; in failing to keep a proper lookout upon a roadway; in failing to give due and proper warning of the movements of said motor vehicles; in failing to heed traffic controls; in failing to signal or give signals; in failing to afford Plaintiff JACINTA MELGAR, a reasonable opportunity to reach a place of safety; in operating vehicle one as to cause the same to come into contact with such objects and/or such persons as involved in said accident; in so operating vehicle two as to cause the same to be in such a position on the streets as to endanger the safety of others; in operating said vehicle two at such speeds at such location as to cause the same to be of danger to others; and in violating the statutes, ordinances and regulations, of which the Court will take judicial notice, and in such cases made and provided.

86. At all times relevant herein, it was the duty of Defendant TRT and/or Defendant TRT's agents, servants, and/or employees to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

87. At all times relevant herein, Defendant TRT and/or Defendant TRT's agents, servants, and/or employees breached their duty to maintain, repair, inspect, control, manage, and

operate vehicle two with due care.

88. At all times relevant herein, it was the duty of Defendant TRT and/or Defendant TRT's agents, servants, and/or employees to supervise those employees, agents, and servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

89. At all times relevant herein, Defendant TRT and/or Defendant TRT's agents, servants, and employees breached their duty to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

90. The aforesaid conduct and breach of duties of Defendant TRT and/or Defendant TRT's agents, servants, and/or employees caused the aforesaid contact at the aforementioned location.

91. The aforesaid conduct and breach of duties of Defendant TRT and/or Defendant TRT's agents, servants, and/or employees was a substantial factor in causing the aforesaid contact at the aforementioned location.

92. As a result of the foregoing, Plaintiff JACINTA MELGAR was seriously injured as aforementioned and was, *inter alia*, caused severe and permanent personal injuries, and suffered emotional distress, mental anguish, fear, pain, embarrassment, and humiliation.

**COUNT FOUR- NEGLIGENT ENTRUSTMENT, HIRING, RETENTION AND TRAINING AGAINST DEFENDANT "WEISS ENTERPRISES"**

93. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

94. That the defendant WEISS ENTERPRISES, was responsible for hiring agents, servants and/or employees that were competent and capable of properly carrying out their job without causing injury to persons including the plaintiffs herein.

95. That the defendant WEISS ENTERPRISES, was responsible for training all agents, servants and/or employees so that they would be competent and capable of properly carrying out their job without causing injury to persons including the plaintiffs herein.

96. That the defendant WEISS ENTERPRISES, its agents, servants and/or employees were negligent in the entrustment, hiring, training, retention and supervision of defendant JOSHUA A. BILLIOT; in failing to investigate and determine whether defendant JOSHUA A. BILLIOT was competent, and capable to operate vehicle two and observe necessary safety precautions; in failing to check the driving record, history and ability of defendant JOSHUA A. BILLIOT; in failing to assure that defendant JOSHUA A. BILLIOT was properly qualified in the operation and safety of the vehicle two; in negligently entrusting defendant JOSHUA A. BILLIOT with operation of the vehicle two; in negligently hiring defendant JOSHUA A. BILLIOT; in negligently training defendant JOSHUA A. BILLIOT; in negligently supervising defendant JOSHUA A. BILLIOT; in negligently retaining defendant JOSHUA A. BILLIOT; and in violating every rule, regulation, code, statute or ordinance governing the exercise of reasonable care and due diligence in the ownership, operation, maintenance, management and control of the vehicle two including but not limited

to the Vehicle and Traffic Laws of the State of New York.

97. That by reason of the foregoing, Plaintiff JACINTA MELGAR was rendered sick, sore, lame and disabled, suffered injuries, both internal and external, pain and mental anguish; was confined to bed and home; were compelled to seek medical care and attention; past and future economic damages and upon information and belief, will in the future be compelled to seek medical care and attention; and were otherwise injured or damaged.

98. That Plaintiff MARIA GALLEGO AGUIRRE was free from contributing and/or comparative negligence in the happening of the subject occurrence.

99. That as a result of this occurrence, Plaintiff sustained serious and severe personal injuries and nervous shock, was rendered sick, sore, lame and disabled, and has remained so since this occurrence, has required medical treatment, will upon information and belief require additional care and treatment in the future, and upon information and belief sustained economic and/or property damages.

**COUNT FIVE- NEGLIGENT ENTRUSTMENT, HIRING, RETENTION AND TRAINING AGAINST DEFENDANT "TRT"**

100. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

101. That the defendant TRT, was responsible for hiring agents, servants and/or employees that were competent and capable of properly carrying out their job without causing injury to persons including the plaintiffs herein.

102. That the defendant TRT, was responsible for training all agents, servants and/or employees so that they would be competent and capable of properly carrying out their job

without causing injury to persons including the plaintiffs herein.

103. That the defendant TRT, its agents, servants and/or employees were negligent in the entrustment, hiring, training, retention and supervision of defendant JOSHUA A. BILLIOT; in failing to investigate and determine whether defendant JOSHUA A. BILLIOT was competent, and capable to operate vehicle two and observe necessary safety precautions; in failing to check the driving record, history and ability of defendant JOSHUA A. BILLIOT; in failing to assure that defendant JOSHUA A. BILLIOT was properly qualified in the operation and safety of the vehicle two; in negligently entrusting defendant JOSHUA A. BILLIOT with operation of the vehicle two; in negligently hiring defendant JOSHUA A. BILLIOT; in negligently training defendant JOSHUA A. BILLIOT; in negligently supervising defendant JOSHUA A. BILLIOT; in negligently retaining defendant JOSHUA A. BILLIOT; and in violating every rule, regulation, code, statute or ordinance governing the exercise of reasonable care and due diligence in the ownership, operation, maintenance, management and control of the vehicle two including but not limited to the Vehicle and Traffic Laws of the State of New York.

104. That by reason of the foregoing, Plaintiff JACINTA MELGAR was rendered sick, sore, lame and disabled, suffered injuries, both internal and external, pain and mental anguish; was confined to bed and home; were compelled to seek medical care and attention; past and future economic damages and upon information and belief, will in the future be compelled to seek medical care and attention; and were otherwise injured or damaged.

105. That by reason of the foregoing, Plaintiff JACINTA MELGAR was rendered sick, sore, lame and disabled, suffered injuries, both internal and external, pain and mental anguish; were confined to bed and home; were compelled to seek medical care and attention;

past and future economic damages and upon information and belief, will in the future be compelled to seek medical care and attention; and were otherwise injured or damaged.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff JACINTA MELGAR, demands judgment against each of the Defendants, WILLIAM R. WEISS ENTERPRISES, INC. d/b/a TNT SALES, TRT ENTERPRISES LLC, and JOSHUA A. BILLIOT, jointly and severally, on each of the foregoing causes of action alleged herein; the costs and disbursements of this action; and such other and further relief as this Court deems just and proper.

**Plaintiff hereby demands a Jury Trial on all issues so triable pursuant to FRCP Rule 38.**

**WHEREFORE**, Plaintiff requests judgment against the Defendants in a sum exceeding the jurisdiction of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Brooklyn, New York
March 29, 2023

Yours, etc.

CYNTHIA ATTARD, ESQ (CA-5207)
**IKHILOV & ASSOCIATES**
*Attorneys for Plaintiff JACINTA MELGAR*
76 West Brighton Avenue
Brooklyn, New York 11224
718-336-4999
Cattardesq@gmail.com