UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
JACINTA MELGAR,

Plaintiffs,

-against-

WILLIAM R. WEISS ENTERPRISES, INC., d/b/a TNT SALES, TRT ENTERPRISES LLC, and JOSHUA A. BILLIOT,

Defendants.
---------------------------------------------------------------------x

Docket No.: 1:23-CV-00383-AMD-CLP

**AMENDED ANSWER TO <u>AMENDED COMPLAINT</u>**

Defendants WILLIAM R. WEISS ENTERPRISES, INC., d/b/a TNT SALES, TRT ENTERPRISES LLC, and JOSHUA A. BILLIOT, by and through its attorneys, GALLO VITUCCI KLAR LLP, answering the Amended Complaint of Plaintiff, respectfully state and allege upon information and belief as follows:

1. Admits the allegations contained in paragraphs “1”, “2”, “4”, “6”, “11” and “48 of the Amended Complaint.

2. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs “3”, “14”, “15”, “49” and “50” of the Amended Complaint, and respectfully refer all questions of law to the Honorable Court at the time of trial of this matter.

3. Deny the allegations in paragraph “5” of the Amended Complaint in the form alleged and otherwise denies these allegations, but admit that William R. Weiss Enterprises, Inc., is licensed to do business in New York.

4. Deny each and every allegation contained in paragraphs “7”, “8”, “9”, “12”, “13”, “16”, “17”, “18”, “19”, “20”, “21”, “22”, “23”, “24”, “25”, “26”, “28”, “29, “31”, “32”, “33”,

"34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45","46", "47", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64" and "65" of the Amended Complaint.

5. Deny the allegations in paragraph "10" of the Amended Complaint in the form alleged and otherwise denies these allegations, but admit that defendant TRT, Inc., is licensed to do business in New York.

**AS AND FOR A RESPONSE TO COUNT ONE- NEGLIGENCE AGAINST DEFENDANT "JOSHUA A. BILLIOT"**

6. In response to Paragraph "66" of the Amended Complaint, Defendants repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length in answer to paragraphs "1" through "65" of the Amended Complaint.

7. Deny each and every allegation contained in paragraphs "67", "68", "69", "70", "71", "72", "73" and "74" of the Amended Complaint.

**AS AND FOR A RESPONSE TO COUNT TWO- ACTS AGAINST DEFENDANT "WEISS ENTERPRISES"**

8. In response to Paragraph "75" of the Amended Complaint, Defendants repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length in answer to paragraphs "1" through "74" of the Amended Complaint.

9. Deny each and every allegation contained in paragraphs "76", "77", "78", "79", "80", "81", "82" and "83" of the Amended Complaint.

**AS AND FOR A RESPONSE TO COUNT THREE- ACTS AGAINST DEFENDANT "TRT"**

10. In response to Paragraph "84" of the Amended Complaint, Defendants repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length in answer to paragraphs "1" through "83" of the Amended Complaint.

11. Deny each and every allegation contained in paragraphs "85", "86", "87", "88", "89", "90", "91", "92" and "93" of the Amended Complaint.

**AS AND FOR A RESPONSE TO COUNT FOUR – NEGLIGENT ENTRUSTMENT, HIRING, RETENTION AND TRAINING AGAINST DEFENDANT "WEISS ENTERPRISES"**

12. In response to Paragraph "93" of the Verified Complaint, Defendants repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length in answer to paragraphs "1" through "92" of the Amended Complaint.

13. Deny each and every allegation contained in paragraphs "93", "95", "96", "97", "98" and "99" of the Amended Complaint.

14. Deny each and every allegation contained in paragraph "94" of the Amended Complaint, and respectfully refer all questions of law to the Honorable Court at the time of trial of this matter.

**AS AND FOR A RESPONSE TO COUNT FIVE- NEGLIGENT ENTRUSTMENT, HIRING, RETENTION AND TRAINING AGAINST DEFENDANT "TRT"**

15. In response to Paragraph "100" of the Amended Complaint, Defendants repeat and reiterate each and every denial hereinbefore made with the same force and effect as though

the same were set forth at length in answer to paragraphs "1" through "99" of the Amended Complaint.

16. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "101" and "102" of the Amended Complaint.

17. Deny each and every allegation contained in paragraphs "103", "104" and "105" of the Amended Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

18. That these Defendants were not served in accordance with the provisions of the C.P.L.R. and this Court, therefore, lacks jurisdiction over these Defendants.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

19. That any injuries and/or damages sustained by the Plaintiff, as alleged in the Amended Complaint therein, were caused in whole or in part by the contributory negligence and/or culpable conduct of said Plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of these answering Defendants.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

20. That by entering into the activity in which the Plaintiff was engaged at the time of the occurrence set forth in the Amended Complaint, said Plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the Plaintiff herein as alleged in the Amended Complaint arose from and were caused by reason of such risks voluntarily undertaken by the Plaintiff in her activities and such risks were assumed and accepted by her in performing and engaging in said activities.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

21. The lawsuit was not commenced by the Plaintiff within the time prescribed by law and, therefore, Plaintiff's action is barred by the applicable statute of limitations.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

22. That the injuries and/or damages allegedly sustained by the Plaintiff was caused, in whole or in part, by the failure of the Plaintiff to utilize and/or properly utilize available seat belts and/or other safety devices available.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

23. Pursuant to CPLR 4545, if it be determined or established that Plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security ACT), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the Plaintiff), then and in that event answering Defendants hereby plead in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the Plaintiff for such benefits for the two year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the Plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

24. This action may not be maintained because of Plaintiff's failure to join all

necessary parties in this action, and in the absence of person(s) who should be a party this action cannot proceed.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

25. Answering Defendants are entitled to limitation of liability pursuant to Article 16 of the CPLR.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

26. The liability of these Defendants, if any to the Plaintiff for non-economic loss is limited to their equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

27. The Amended Complaint fails to state a cause of action, cognizable in equity or law against these answering Defendants and must therefore be dismissed.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

28. That the action against the answering Defendants cannot be prosecuted due to the Plaintiff's failure to name and likewise prosecute an indispensable party to this litigation.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

29. This action is a nullity in that the summons does not contain the index number and/or date of filing pursuant to CPLR 306-a and 306-b.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

30. Defendants assert Section 15-108 of the General Obligations Law and will ask the Court that the Defendants be entitled to a set-off for any settlements, releases or

discontinuances.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

31. The injuries and damages alleged, all of which are denied by the answering Defendants, were caused by the intervening, interceding and superseding acts of third parties not under the control of answering Defendants.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

32. Plaintiff lacks legal capacity to sue.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

33. A. The accident described in the Amended Complaint did not result in a "serious injury" to the Plaintiff so defined in and by Section 5102 (d) of the Insurance Law of the State of New York. By reason of the premises in Section 5104 of the Insurance Law of the State of New York, Plaintiff has no right to institute, maintain or prosecute this action and is barred from doing so.

B. The Plaintiff did not sustain serious injury as defined by Section 5102 (d) of the Insurance Law of the State of New York, and her exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

34. The place of trial for this action is stated for an improper county pursuant to CPLR 505(b).

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

35. Any alleged defective condition was open and obvious and therefore should have been avoided by Plaintiff.

**AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE**

36. That if the Plaintiff sustained injuries of in the manner alleged, said injuries were caused by the negligence of parties over whom these answering Defendants were not obligated to exercise supervision or control.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

29. This action is barred by the doctrine of laches.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

30. This action is barred by the doctrine of waiver.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

31. The Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Verified Complaint.

**AS AND FOR A TWENTY-THIRD AFFIMATIVE DEFENSE**

32. That if the Plaintiff sustained injuries of in the manner alleged, said injuries were caused by the negligence of parties over whom these answering Defendants were not obligated to exercise supervision or control.

**WHEREFORE**, Defendants WILLIAM R. WEISS ENTERPRISES, INC., d/b/a TNT SALES, TRT ENTERPRISES LLC, and JOSHUA A. BILLIOT, demand judgment dismissing the Amended Complaint, together with attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
April 4, 2023

Yours etc.,

GALLO VITUCCI KLAR LLP

By: Cary S. Nosowitz, Esq.

*Attorneys for Defendants*
*WILLIAM R. WEISS ENTERPRISES, INC., d/b/a TNT SALES, TRT ENTERPRISES LLC, and JOSHUA A. BILLIOT*
90 Broad Street, Suite 1202
New York, New York 10004
(212) 683-7100
File No.: NGI.2022018
Email: cnosowitz@gvlaw.com

TO:

Erik Ikhilov, Esq.
IKHILOV & ASSOCIATES
Attorneys for Plaintiff
Jacinta Melgar
76 West Brighton Avenue, Suite 212
Brooklyn, New York 11224
(718) 336-4999

**ATTORNEY VERIFICATION**

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

The undersigned affirms the following statement to be true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That he is a member with the firm of GALLO VITUCCI KLAR LLP, attorneys for Defendants WILLIAM R. WEISS ENTERPRISES, INC., d/b/a TNT SALES, TRT ENTERPRISES LLC, and JOSHUA A. BILLIOT.

That he has read the foregoing instrument and knows the contents thereof, and, that the same is true to the knowledge of the undersigned, except as to those matters therein alleged on information and belief, and that as to those matters she believes them to be true.

That the reason why this Verification is made by the undersigned and not by the Defendants is that said party's office is outside the county in which the undersigned maintains her office.

That the source of the undersigned's information and the grounds of her belief as to all matters therein alleged upon information and belief is reports from and communications had with said parties.

Dated: New York, New York
April 4, 2023

CARY S. NOSOWITZ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK Docket No.: 1:23-cv-00372-AMD-CLP

---

JACINTA MELGAR,

Plaintiffs,

-against-

WILLIAM R. WEISS ENTERPRISES, INC., d/b/a TNT SALES, TRT ENTERPRISES LLC, and JOSHUA A. BILLIOT,

Defendants.

---

**AMENDED ANSWER TO VERIFIED COMPLAINT**

---

GALLO VITUCCI KLAR LLP
Attorneys for Defendants
*WILLIAM R. WEISS ENTERPRISES, INC., d/b/a TNT SALES,*
*TRT ENTERPRISES LLC, and JOSHUA A. BILLIOT*
90 Broad Street, Suite 1202
New York, New York 10004
(212) 683-7100
Email: cnosowitz@gvlaw.com